UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY TABB,

          Plaintiff,

   v.

DOUGLAS WADDINGTON, *et al.*,

          Defendants.

Case No.  C08-5015 FDB/KLS

ORDER TO SHOW CAUSE

    This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Plaintiff has been granted leave to proceed *in forma pauperis*.  Before the Court for review is Plaintiff's proposed civil rights complaint in which Plaintiff purports to sue Douglas Waddington, Attorney General Douglas Carr, Secretary Harold Clarke, and various employees of the Washington Department of Corrections (DOC) and Monroe Correctional Complex (MCC), where Plaintiff was most recently housed, under 42 U.S.C. § 1983.  (Dkt. # 1).  Plaintiff claims that these individuals have discriminated against him contrary to the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. (ADA), by refusing to allow him to use a TTY telephone even though he suffers from a severe hearing impairment.  (*Id.*).  In addition to monetary damages, Plaintiff seeks injunctive relief including an order directing Defendants to apologize, providing all inmates with access to TTY telephones or other auxiliary aids, relocating all Defendants to other employment positions, directing DOC to honor its previous settlement agreements; and directing the DOC to follow its own policies, the ADA and to respect inmate rights.  (*Id.*, pp. 8-9).

    After filing his Complaint, Plaintiff notified the Court on January 8, 2008, that he was no longer in custody at MCC.  (Dkt. # 2).  Accordingly, Plaintiff is requested to show cause why his claims for injunctive relief should not be dismissed on the grounds that these claims are now moot.

ORDER
Page - 1

**DISCUSSION**

Generally, a prisoner's release or transfer from a prison will moot any claims for injunctive relief relating to the prison's policies unless the suit has been certified as a class action. *Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991); *Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Darring v. Kincheloe*, 783 F.2d 874, 876 (9th Cir. 1986). To secure injunctive relief, a plaintiff must demonstrate "a very significant possibility" that future harm will ensue. *Nelsen v. King County*, 895 F.2d 1248, 1250 (9th Cir. 1990). The burden of showing a likelihood of a recurrence of harm is "firmly on the plaintiff." *Id*. at 1251.

Plaintiff lacks standing to pursue his claims for injunctive relief if he is no longer housed at the MCC and his return to that facility is entirely speculative. Because Plaintiff's action has not been certified as a class action, his transfer to a different prison or release from prison renders his claims for injunctive relief moot. In addition, Plaintiff cannot show that he is likely to suffer irreparable injury if relief is not granted because the persons against whom he seeks injunction no longer have contact with him.

Accordingly, it is **ORDERED**:

1. Plaintiff shall show cause why his claims for injunctive relief should not be dismissed[1]. A response is due by **February 28, 2008.** If Plaintiff fails to file a response or the response shows the Plaintiff cannot go forward the Court will enter a report and recommendation that his claims for injunctive relief should be dismissed; and

2. The Court Clerk is directed to send a copy of this Order to Plaintiff.

DATED this  18th  day of January, 2008.

Karen L. Strombom
United States Magistrate Judge

---

[1] Plaintiff is advised that this Order to Show Cause addresses his claims for injunctive relief only.

ORDER
Page - 2