UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DANNY TABB,

       Plaintiff,

  v.

DOUG WADDINGTON, *et al.*,

       Defendant.

Case No.C08-5015 FDB/KLS

REPORT AND RECOMMENDATION

**NOTED FOR: May 23, 2008**

       This 42 U.S.C. § 1983 action has been referred to the undersigned Magistrate Judge pursuant to Title 28 U.S.C. § 636(b)(1)(B).

       At the time he filed his motion for leave to proceed *in forma pauperis* and proposed civil complaint, Plaintiff also notified the Court of his change of address. (Dkt. # 2). According to Plaintiff, he is no longer in custody. *Id*. The Clerk sent Plaintiff a letter to the address provided by Plaintiff on January 9, 2008 regarding the case number assigned to this case. (Dkt. # 3). That mail was returned as undelivered ("Return to Sender Attempted Not Known"). (Dkt. # 4). Plaintiff was granted leave to proceed *in forma pauperis*. (Dkt. # 5). On January 22, 2008, the Court ordered Plaintiff to show cause why his claims for injunctive relief should not be dismissed because Plaintiff was no longer in custody. (Dkt. 7). Both of the Court's Orders were returned as undeliverable.

REPORT & RECOMMENDATION - 1

It has been more than sixty days since the Court's latest mailings to Plaintiff was returned and the Court does not have a current address for the P1aintiff.  The Court has attempted to reach Plaintiff at more than one address on more than one occasion and has not received a response.  The Plaintiff appears to have abandoned this action.

## DISCUSSION

Local Rule 41(b)(2) states:

> A party proceeding pro se shall keep the court and opposing parties advised as to his current address.  If mail directed to a pro-se plaintiff by the clerk is returned by the post office, and if such plaintiff fails to notify the court and opposing parties within sixty days thereafter of his current address, the court may dismiss the action without prejudice for failure to prosecute.

This action has existed more than sixty days without an address for the Plaintiff.  Dismissal without prejudice for failure to prosecute is appropriate.  Accordingly, the undersigned recommends **DISMISSAL WITHOUT PREJUDICE** for failure to prosecute pursuant to Local Rule 41(b)(2).

## CONCLUSION

The Court should dismiss this action as Plaintiff has left no forwarding address and appears to have abandoned the case.  A proposed order accompanies this Report and Recommendation.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections.  *See also* Fed. R.Civ.P. 6.  Failure to file objections will result in a waiver of those objections for purposes of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **May 23, 2008**, as noted in the caption.

DATED this 25th day of April, 2008.

Karen L. Strombom
United States Magistrate Judge

REPORT & RECOMMENDATION - 2